UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL JOHN JONES, | ) | CASE NO. C05-0787-JCC |
| Plaintiff, | ) | |
| v. | ) | |
| MUNICIPAL COURT OF MOUNT VERNON, et al., | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

Plaintiff is a Washington state prisoner who has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, along with an application for leave to proceed *in forma pauperis*. (Dkt. #1). For the reasons set forth below, the court recommends that the application be denied and this matter dismissed.

In his complaint, plaintiff alleges that on June 29, 2004, he appeared before the Municipal Court of Mount Vernon, Washington, to face charges of shoplifting. (Proposed complaint at 3). Plaintiff further alleges that he was "drunk and high" at the time and, as a result, proceeded to yell at the presiding judge and courtroom guards. (*Id*.) Two days later, plaintiff asserts that, "out of nowhere," he was charged with harassing a judge and threatening a police officer. (*Id*.) Plaintiff names as the sole defendants here two separate courts: the Municipal Court of Mount Vernon, where the offensive conduct occurred; and the Superior Court of Skagit County, where he was apparently convicted of charges stemming from the conduct. (*Id.* at 1, 2). For relief, plaintiff asks

REPORT AND RECOMMENDATION
PAGE -1

that this court "dismiss all charges" and award him eight months of SSI compensation, which he apparently has not received while he has been incarcerated. (*Id*. at 4).

While plaintiff's complaint faces many potential obstacles, perhaps the most serious one is the traditional immunity accorded judges.[1] "[T]he Supreme Court has determined that certain government officials require *absolute immunity* from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment. Accordingly, the Court has granted absolute immunity to the President, judges, prosecutors, witnesses, and officials performing quasi-judicial functions, and legislators." *Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991), *quoting Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985) (internal quotations omitted) (emphasis added). Even if plaintiff were to allege that the judges in question had acted "maliciously and corruptly," such allegations would not be sufficient to strip away judicial immunity, if the acts complained of were performed in a "judicial capacity." *See Mireles v. Waco,* 502 U.S. 9, 11 (1991). Here, plaintiff has failed to show that the acts complained of were performed in a non-judicial capacity; thus, he has failed to overcome the bar of judicial immunity.

Accordingly, plaintiff's application for leave to proceed *in forma pauperis* should be denied because the underlying complaint is barred by judicial immunity. A proposed Order accompanies this Report and Recommendation.

DATED this  23rd  day of  May , 2005.

Mary Alice Theiler
United States Magistrate Judge

---

[1] The other potential barriers to this lawsuit are the rule which bars § 1983 actions if success would necessarily imply the invalidity of a prior criminal conviction, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the requirement that a prisoner exhaust his administrative remedies before bringing an action pursuant to § 1983. *See Booth v. Churner*, 531 U.S. 956 (2001).

REPORT AND RECOMMENDATION
PAGE -2